IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY CLARK (01) | Criminal No.  4:16-CR-205-O |

## GOVERNMENT'S BRIEF IN SUPPORT OF JURY INSTRUCTION DEFINING "PROPERTY" AS INCLUDING INTANGIBLE PROPERTY

The government respectfully files this brief in support of its proposed jury instruction defining "property", consistent with Supreme Court precedent, as follows:

> The word "property," as used in these instructions, includes any external thing over which the rights of possession, use, and enjoyment are exercised, including intangible property such as bank accounts, stock options, entitlements, and intellectual property.

As described in detail below, the government's proposed instruction is supported by two Supreme Court cases — *Pasquantino v. United States* and *Carpenter v. United States* — both of which concluded that the term "property" as used in the wire fraud statute includes intangible property.

### A. Legal Argument

It is black-letter law that if a statute does not define a term — such as "property" here — then courts look first to the word's ordinary meaning. In *Pasquantino v. United States*, the Supreme Court took this exact approach in defining the term "property", as used in the wire fraud statute. *See* 544 U.S. 349, 355 (2005). The property at issue in *Pasquantino* was Canada's "right to uncollected excise taxes[,]" which the Supreme

Court characterized as an "entitlement". *Id*. ("This right is an entitlement to collect money from petitioners, the possession of which is 'something of value' to the Government of Canada.").

The Supreme Court then focused on the ordinary meaning of the term "property." *Id*. at 356 ("Valuable entitlements like these are 'property' *as that term ordinarily is employed*.") (emphasis added). In reaching its conclusion, the Supreme Court relied on two sources: first, a prior case, *Leocal v. Ashcroft,* 543 U.S. 1, 9 (2004), in which the Supreme Court recognized that "[w]hen interpreting a statute, we must give words their ordinary or natural meaning"; and second, Black's Law Dictionary 1342 (4th ed. 1951), which defined "property" as "extend[ing] to every species of valuable right and interest". *Id*. at 356.

The Supreme Court came to a similar conclusion in *Carpenter v. United States*, an earlier case involving intangible property under the wire fraud statute. There the property at issue was the Wall Street Journal's "confidential business information" — in other words, intangible intellectual property — specifically, the "publication schedule and contents" of a particular newspaper column. 484 U.S. 19, 25 (1987) The Supreme Court immediately recognized the general principle that "*its intangible nature does not make it any less 'property' protected by the mail and wire fraud statutes*." Id. (emphasis added). The Supreme Court then distinguished a prior case: "*McNally* [*v. United States*, 483 U.S. 350 (1987)] did not limit the scope of § 1341 to tangible as distinguished from intangible property rights." Also in *Carpenter*, the Supreme Court held that a "scheme to defraud" does not require the victim to suffer any "monetary loss" because "it is sufficient that the

Journal has been *deprived of its right to exclusive use of the information*, for exclusivity is an important aspect of confidential business information and most private property for that matter." *Id*. at 26.

### B. FIFA Coins Are Electronic Arts' Intangible "Property"

As alleged in the Indictment, the defendant, Anthony Clark, conspired to defraud Electronic Arts by obtaining FIFA coins by means of materially false and fraudulent pretenses and representations. *See* Indictment ¶ 13. Players lawfully obtain FIFA coins by either playing matches or by trading or selling items that were purchased with FIFA points (which themselves must be purchased). *See* Indictment ¶ 9.

The defendant wanted FIFA coins, and he was willing to break the law to get them. To do so, he assisted in creating a software program, which bypassed Electronic Arts' security measures, *see* Indictment ¶ 15, and fraudulently represented that thousands of games had been completed, *see* Indictment ¶ 14. Electronic Arts relied on these misrepresentations in crediting the defendant's accounts with FIFA coins, *see* Indictment ¶ 14, which he sold for millions of dollars.

The property at issue here, FIFA coins, are valuable intellectual property entitlements. Like the property in *Pasquantino* and *Carpenter*, FIFA coins must be considered "property" as that term is used in the wire fraud statute.

### C. Conclusion

As *Carpenter* and *Pasquantino* make clear, intangible property, including entitlements and intellectual property, constitute "property" as that term is used in the wire fraud statute. This Court should therefore adopt the government's proposed jury

instruction regarding "property": "The word 'property,' as used in these instruction, includes any external thing over which the rights of possession, use, and enjoyment are exercised, including intangible property such as bank accounts, stock options, entitlements, and intellectual property."

        Respectfully submitted,

        JOHN R. PARKER
        United States Attorney

        /s/ Brian D. Poe
        BRIAN D. POE
        Assistant United States Attorney
        Northern District of Texas
        Texas State Bar No.  24056908
        801 Cherry Street, Suite 1700
        Fort Worth, Texas 76102
        Telephone:    (817) 252-5447
        E-mail:       brian.poe@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on November 13, 2016, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        /s/ Brian D. Poe
        BRIAN D. POE
        Assistant United States Attorney